## Yerger v. Brandt

*Thomas A. Behney*, for plaintiff.

*Robert C. Rowe*, and *Calvin D. Spitler*, of *Spitler, Rowe, Silberman & Kilgore*, for defendant.

GATES, P. J., September 21, 1972.—Fortunately for our judicial system, cases which warrant so little time yet receive so much do not come up too often. Unfortunately, this is an exception. This case has been around the legal track several times. It was first heard by a justice of the peace, inasmuch as it involves only $200. He found for plaintiff. The matter

was then brought into the Common Pleas Court, and a complaint was filed.

To the complaint, there has been filed an answer, new matter and a counterclaim. The new matter and the counterclaim have been answered. Preliminary objections have been made and disposed of by our prior opinion. An amended answer containing new matter and counterclaim have been filed. They have been argued on demurrer, and the preliminary objections to defendant's counterclaim were sustained, and the counterclaim was dismissed.

Five months after the order dismissing the counterclaim was entered, counsel for plaintiff filed a praecipe to refer the matter to arbitrators. On April 10, 1972, the arbitrators found in favor of plaintiff in the amount of $200. On April 28, 1972, defendant appealed the award of arbitrators.

Lo and behold, on June 1, 1972, plaintiff filed a motion for a judgment on the pleadings. To further compound the confusion, on June 12, 1972, defendant filed an answer to the motion for a judgment on the pleadings. Thereafter, the case was listed for the July term of civil jury trials. We struck the matter from the list because of the pending pretrial motion. The matter has now been argued, and we have the benefit of briefs from counsel.

In order to unravel this mess, we will have to work backwards. We begin with defendant's answer to plaintiff's motion for a judgment on the pleadings. Initially, we note that this is an impermissible pleading. No pleading can be filed to or against a motion for a judgment on the pleadings. Upon such a motion, we must examine the entire record in the interest of bringing litigation to a halt. This is done, because the motion for a judgment on the pleadings is treated as

raising an issue by the prior state of the pleadings: Hafer v. Schauer, 11 Lebanon 218.

Next, we will examine plaintiff's motion for a judgment on the pleadings. Pennsylvania Rule of Civil Procedure 1034 provides:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

Subdivision (a) specifies that the motion for judgment on the pleadings must be filed within such time as not to delay the trial. We have previously held in Ovecka v. Billingham, 9 Lebanon 280 (1963), that a motion for judgment on the pleadings is filed too late when it is not filed until after an appeal is taken from an award of arbitrators and then after the case was listed for trial and on the day of the pretrial conference. Our ruling has the blessing of at least one commentator. See 2B Anderson's Pa. Civ. Prac., page 272.[1] In the instant case, the motion should have been filed sometime between September 24, 1971, the date of our order dismissing defendant's counterclaim, and February 17, 1972, when plaintiff filed a praecipe for a reference to arbitrators under our compulsory arbitration rules. Had the motion been filed at that time

---

[1] For a contrary position, plaintiff cites Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc., 401 Pa. 337. The case, of course, has nothing to do with the problem. It is not a case of the court entertaining a motion for judgment on the pleadings after an arbitrators' award as plaintiff suggests. The case involves an assumpsit action to enforce a common law arbitrators' award. Unlike this case, the pleading did not commence until after the arbitrators' award. Here the pleadings closed before the matter was submitted to the arbitrators.

and had there been merit to it, this seemingly interminable litigation could have ended. But the matter was tried before arbitrators, and defendant has undergone the unreimbursable expense of appealing from the award of the arbitrators. It was only after the appeal was perfected that this tardy motion was made. It would seem at first blush that the proper thing to do would be to dismiss the motion as being untimely filed, for indeed it is.

However, rules of procedure are the means and not the ends of litigation. As in Ovecka v. Billingham, supra, while noting that the motion was tardy, we proceeded to resolve the issue anyway under the authority granted by Pa. R. C. P. 126. If there is any case which deserves the benign authority of that rule, this is it. Under the rule, we are authorized to disregard any defect of procedure in order to secure a just, speedy, and inexpensive determination of every action. We are commanded to liberally construe the rules of civil procedure for these purposes. Since the matter is before us now and if it is meritorious, even though patently tardy and filed to the detriment of defendant, we should not permit the matter to proceed any further in that the only end result will be the incurring of further futile expenses.

Before examining the merits of the controversy, we wish to make it plain to the members of the bar that the rules of civil procedure were designed to crystalize issues and to efficiently determine controversies between our citizens. They were not designed for the game of cat and mouse. The disregard of orderly pleadings is the proper subject to be contemplated together with sanctions for disobedience to the rules of pleading. But we must concern ourselves with the individual rights involved here and not the profes-

sional conduct. Therefore, we will consider the merits of the motions.

This then brings us to a consideration of the only remaining valid pleadings, namely, the complaint and the amended answer and amended new matter.

From the original complaint, we learn that in 1966, plaintiff Lloyd W. Yerger sold approximately 30 acres of farm land situate in Lebanon County to Clayton R. Farnsworth, but Yerger reserved the right to farm and cultivate 15 acres of the farm for the following three years and to take all of the crops from that acreage. We further know that in January of 1967 Yerger and defendant Bernard W. Brandt orally agreed that Brandt would lease and farm the 15 acres at an annual rental of $200. Brandt, however, had refused to pay the $200 when demanded by plaintiff.

Of critical importance, we learn from the amended answer that it is admitted that plaintiff and defendant had an oral agreement of lease for the rental sum of $200 a year and that defendant refused to pay the sum when demanded by plaintiff. The admissions make it plain that plaintiff is entitled to judgment on the pleadings.

The amended new matter is of no help to defendant. His complaints that Farnsworth was guilty of conduct which prevented defendant from harvesting crops growing in the area is certainly no defense to the suit of plaintiff Yerger. For reasons we clearly set forth in our prior opinions, there was no duty on plaintiff's part to remedy those things complained about by defendant. If he had been tortiously injured, his remedy is against Farnsworth and not plaintiff. Inasmuch as defendant admits the existence of the agreement and of his refusal to pay the rental due under the terms of the agreement, there is nothing to further litigate.

## ORDER OF COURT

And now, to wit, September 21, 1972, plaintiff's motion for a judgment on the pleadings is sustained, and the clerk of court is ordered to enter judgment in favor of Lloyd W. Yerger and against Bernard W. Brandt in the amount of $200, together with interest thereon at six percent from December 31, 1967, and the costs of suit.